UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOBY LEE DILLARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-0903** |
| **OFFICER CHAD DORSETT AND FRANKLINTON POLICE DEPT.** | **SECTION "F"(4)** |

## REPORT AND RECOMMENDATION

Before the Court is a **Motion to Dismiss (Rec. Doc. No. 10)** filed by the defendant, Franklinton Police Department. The motion and the entire matter were referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I. Factual and Procedural Background

#### A. The Complaint

The plaintiff, Toby Lee Dillard, ("Dillard") was a prisoner housed in the Washington Parish Jail in Franklinton, Louisiana, at the time of the filing of this *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983. Dillard filed his complaint against Franklinton Police Officer Chad Dorsett and the Franklinton Police Department ("FPD").

Under a broad reading, Dillard alleges that, on February 12, 2012, he was injured during his arrest inside of the Market Max in Franklinton, Louisiana. He claims that he surrendered himself by lying on the ground on his stomach. After doing so, he was tazered in the back and then handcuffed. He further alleges that, while he was still on the ground in handcuffs, Officer Dorsett kicked him in the face leaving a boot print on the right side of his face and causing a black eye. He claims that the incident was captured on the surveillance tape inside of the Market Max and was witnessed by the employees at the store.

Dillard further alleges that his booking pictures at the Washington Parish Jail will show the injuries to his face. He claims that he requested medical attention and was taken to the Bogalusa Medical Center, LSU Branch, for x-rays on February 22, 2012.

As relief, Dillard requests that the matter be investigated and that he be awarded $100,000.00 for pain and suffering as a result of the excessive force used against him.

### B. FPD's Motion to Dismiss

On August 13, 2012, the FPD filed the instant motion seeking dismissal of Dillard's complaint against it under Fed. R. Civ. P. 12(b)(6). The FPD alleges that it is not a suable entity and the claims against it must be dismissed for failure to state a claim for which relief can be granted. Dillard did not file an opposition to this motion.

## II. Claims Against the Franklinton Police Department

### A. Standards of Review of a Motion to Dismiss

The FPD filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). The court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "[t]he plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Guidry*, 512 F.3d at 180 (quotation marks omitted). The United States Supreme Court also has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citations and selected quotation marks omitted).

In determining whether a complaint states a claim that is plausible on its face, the court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, as mentioned above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged. *See id*. Furthermore, the factual allegations must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

B.  **Analysis**

Dillard named the FPD as a defendant in this case. He does not set forth any particular allegations against this police department. For the following reasons, the complaint fails to state a claim against this defendant for which relief can be granted.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law." 42 U.S.C. § 1983; *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). A police department is not a legal entity or person capable of being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). The State of Louisiana grants no such legal status to any law enforcement office or department. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So.2d 236 (La. App. 3d Cir.1977), *writ refused*, 352 So.2d 235 (La. 1977).

The Franklinton Police Department is not a "person" for purposes of § 1983 liability. Under these circumstances, all claims against the FPD must be dismissed for failure to state a claim for which relief can be granted. The defendant's motion to dismiss should be granted.

### III. Claims Against Officer Dorsett

Dillard has named one other defendant, Officer Dorsett, against whom he has asserted claims of excessive force. Dillard, however, has failed to pursue the prosecution of this case.

A.  **Standard of Review under Fed. R. Civ. P. 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Silas v. Sears, Roebuck*

*& Co.*, 586 F.2d 382, 386 & n.4 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 709 n.2 (5th Cir. 1976). In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

B.     **Procedural Background of the Case**

The record reflects that, on July 19, 2012, in an effort to ascertain more information about Dillard's claims, the Court scheduled a *Spears* Hearing[1] by telephone for August 31, 2012.[2] The Order was mailed to Dillard at his address of record at the Washington Parish Jail. On July 25, 2012, the envelope sent to Dillard at the Washington Parish Jail, which contained copies of the Court's pauper order and the July 19, 2012 Order, were returned to the Clerk of Court marked "Return to Sender - moved, left no address."[3]

The Court was notified that Dillard had been transferred to the Concordia Parish Jail in Ferriday, Louisiana.[4] The Court then re-issued notice of the hearing for August 31, 2012, to Dillard at the new facility.[5] The envelope sent to Dillard at the Concordia Parish Jail has not been returned as undelivered.

In attempting to conduct the scheduled *Spears* Hearing by telephone on August 31, 2012, the Court was notified by prison officials that Dillard had been transferred to the Madison Parish Detention Center in Tallulah, Louisiana.[6] By order issued September 4, 2012, the Court rescheduled

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2]Rec. Doc. No. 7.

[3]Rec. Doc. No. 9.

[4]Rec. Doc. No. 8.

[5]*Id*.

[6]Rec. Doc. No. 14.

the *Spears* Hearing by telephone for September 24, 2012, and had the Clerk of Court send notice to Dillard at the new facility.[7]

The envelope containing the Court's September 4, 2012, Order was returned to the Clerk of Court on September 24, 2012, marked "Return to Sender," "Return to Sender - Attempted - Not Known - Unable to Forward," and "Inmate No Longer At This Facility."[8]

**C.     Analysis**

The record shows that two of the Court's prior orders were mailed to Dillard at the Washington Parish Jail, which is the only address ever provided by Dillard. The envelope containing the orders was returned as undeliverable. The Court tracked Dillard through two other facilities, and the envelopes mailed to him at those prisons also were returned in due course as undeliverable.

Dillard has failed to provide the Court with the current contact information as required by L.R. 11.1. Dillard was made aware of his continuing obligation to keep the Court informed of his whereabouts as reflected in paragraph VI on page six of his Complaint, where he signed the Plaintiff's Declaration on March 15, 2012.[9] Contrary to these mandates, Dillard has not notified the Court of his current contact information, and he otherwise has not contacted the Court about his case. In fact, the record demonstrates that he did not provide notice to the Court of any of his transfers and/or release from jail. In accordance with L.R. 41.3.1, Dillard's failure to provide his current address within 35 days of the Court's mail having been returned is cause for dismissal of his complaint for failure to prosecute.

---

[7]*Id.*

[8]Rec. Doc. No. 15.

[9]Rec. Doc. No. 1, p.6.

Dillard has not taken any effort to further prosecute this case. Accordingly, dismissal with prejudice of the remainder of Dillard's claims against Officer Dorsett is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute this case.

## IV. Recommendation

It is therefore **RECOMMENDED** that the Motion to Dismiss (Rec. Doc. No. 10) filed by the Franklinton Police Department be **GRANTED** and that Dillard's 42 U.S.C. § 1983 claims against the Franklinton Police Department be **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted.

It is further **RECOMMENDED** that Dillard's § 1983 claims against Officer Dorsett be **DISMISSED WITH PREJUDICE** for failure prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).[10]

New Orleans, Louisiana, this 30th day of November, 2012.

                        **KAREN WELLS ROBY**
                        **UNITED STATES MAGISTRATE JUDGE**

---

[10]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.